**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

MICHAEL D. DeWOLF,

                                 Plaintiff,                      1:17-cv-0277 (BKS/CFH)

v.

SAMARITAN HOSPITAL, KATHRYN E. O'BRIEN, and
OVERTON, RUSSELL, DOERR AND DONOVAN, LLP,

                                 Defendants.

**APPEARANCES:**

*For Plaintiff:*
Stephen A. Pechenik
P.O. Box 1159
30 24th Street
Troy, NY 12180

*For Defendants:*
Thomas R. McCormick
Melissa M. Tobrocke
Linda L. Donovan
Overton, Russell, Doerr & Donovan, LLP
19 Executive Park Drive
Clifton Park, NY 12065

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Michael D. DeWolf brings this action against Defendants Samaritan Hospital, Kathryn E. O'Brien, and Overton, Russell, Doerr & Donovan, LLP ("ORDD"), alleging that they engaged in unlawful credit collection practices in violation of federal and state law, and asserting: (1) a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, 1692f; (2) a claim under section 349 of the New York General Business

Law ("GBL"); and (3) a claim for abuse of process under New York law. (*See* Dkt. No. 16, ¶¶ 5–9, 30–47). Plaintiff seeks $250,000 in money damages. (*See id.* at 10). After this Court dismissed the original Complaint without prejudice on December 7, 2017, (*see* Dkt. No. 15), Plaintiff filed an Amended Complaint on January 4, 2018, (Dkt. No. 19), and Defendants again moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 19). Plaintiff opposes dismissal.[1] (*See* Dkt. No. 21). For the reasons below, the motion to dismiss is granted in part and denied in part.

## II.     FACTUAL BACKGROUND

The Court presumes the parties' familiarity with its December 7, 2017 decision, which recites the factual background of this case. (*See* Dkt. No. 15, at 2–3). To the extent that the Amended Complaint adds any relevant factual allegations, the Court addresses any such additional facts in the course of discussing the parties' arguments below.

## III.    STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in

---

[1] In opposition to the motion to dismiss, Plaintiff submitted an attorney affirmation but did not file a memorandum of law. (*See* Dkt. No. 21). Defendants did not file a reply. The parties' submissions are almost entirely devoid of citations to legal authorities.

the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

**IV.    DISCUSSION**

    **A.    FDCPA Claim**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)). "To further these ends, the FDCPA 'establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection.'" *Id.* (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).

In order to state a claim under the FDCPA, a plaintiff must establish three elements: (1) the plaintiff must be a "consumer" who is alleged to owe a debt or the target of efforts to collect a consumer debt; (2) the defendant must be a "debt collector"; and (3) the defendant must have engaged in conduct violating FDCPA requirements. *See Cruz v. Credit Control Servs., Inc.*, No. 17-cv-1994, 2017 WL 5195225, at *4, 2017 U.S. Dist. LEXIS 186125, at *8 (E.D.N.Y. Nov. 8, 2017); *see also* 15 U.S.C. §§ 1692d, 1692e, 1692f (prohibiting debt collectors from engaging in specified debt collection practices). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

3

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). As a general rule, "creditors are not subject to the FDCPA." *Vincent*, 736 F.3d at 97.

The FDCPA prohibits various practices. As relevant here, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Further, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. One such prohibited misrepresentation is the "false representation of . . . the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). Additionally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. The Second Circuit has explained that "not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). Courts have to "evaluate claims under the FDCPA according to how the 'least sophisticated consumer' would understand the communication." *Id.*

1. **Samaritan Hospital**

Defendants move to dismiss any FDCPA claim against Samaritan Hospital on the ground that it is not a debt collector within the meaning of the FDCPA. (*See* Dkt. No. 19-3, at 4).[2] Plaintiff does not respond to that argument. The Amended Complaint, like the Complaint, is devoid of any facts indicating that Samaritan Hospital is a debt collection business or an entity that regularly collects or attempts to collect debts due another. Even drawing all inferences in Plaintiff's favor, the state court complaint which Plaintiff attached to his Amended Complaint indicates that Samaritan Hospital sought to collect a debt allegedly owed to Samaritan Hospital

---

[2] The Court notes that the Amended Complaint does not name Samaritan Hospital as a defendant in the FDCPA count but does include numerous factual allegations regarding Samaritan Hospital.

itself, not debt owed to another. Accordingly, any FDCPA claim against Samaritan Hospital is dismissed.

### 2. ORDD and Kathryn O'Brien

Defendants seek dismissal of the FDCPA claim against ORDD and O'Brien on the ground that the allegations in the Amended Complaint are "conclusory."[3] (Dkt. No. 19-3, at 4–6). As Plaintiff asserts violations of several provisions of the FDCPA, the Court must examine the sufficiency of the Amended Complaint's allegations as to each asserted violation.

#### a. Violation of § 1692e

This action rests on two allegations of misconduct by ORDD and O'Brien: first, commencement and prosecution of the debt collection action in state court, and second, reporting of Plaintiff's purported debt to credit reporting agencies. (*See id.* ¶¶ 34–35, 37). Although Plaintiff does not specify which subsections of § 1692e ORDD and O'Brien allegedly violated, the Court construes the Amended Complaint as implicating the two provisions discussed below.

##### i. § 1692e(2)(A)

Section 1692e(2)(A) prohibits a debt collector from making a "false representation" concerning "the character, amount, or legal status" of a debt in connection with the collection of

---

[3] In their motion, Defendants rely in part on facts outside the pleadings. (*See id.* at 2–3 (summarizing "material facts" with citations to affidavits by O'Brien and ORRD attorney Brian Strohl)). Moreover, Defendants base some of their arguments on Plaintiff's supposed lack of "evidentiary proof" to support his allegations, (*id.* at 1; *see also id.* at 5–6 (repeatedly referring to Plaintiff's lack of "a scintilla of proof," "evidentiary support," or "factual evidence")). It is well settled that, on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may only consider the facts asserted within the four corners of the complaint, along with documents attached to, incorporated by reference in, or integral to the pleading. *See Yung v. Lee*, 432 F.3d 142, 146 (2d Cir. 2005). Indeed, a plaintiff need not produce evidence at the pleading stage, and a court must accept plaintiff's nonconclusory allegations as true and draw all reasonable inferences in his favor. *Rogers v. City of Troy*, 148 F.3d 52, 60 (2d Cir. 1998) ("While it may be that the plaintiffs can produce no evidence in support of their allegations, we must accept them as true at the 12(b)(6) stage."). The sole case cited by Defendants in their memorandum of law, (Dkt. No. 19-3, at 5), is *Lena v. Cach, LLC*, No. 14-cv-1805, 2015 WL 4692443, at *2, 2015 U.S. Dist. LEXIS 103007, at *5 (N.D. Ill. Aug. 6, 2015), which recites the *Twombly/Iqbal* pleading standard that "[a]llegations in the form of legal conclusions, as well as threadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice." Contrary to Defendants' characterization, that case does not stand for the proposition that "evidentiary support" is required to state a FDCPA claim. (Dkt. No. 19-3, at 5). Thus, the Court rejects Defendants' arguments to the extent they rely on matters outside the pleadings or fault the Complaint for a supposed lack of evidentiary support.

the debt. Defendants have not cited any authority exempting statements made, as here, in the course of a debt collection action filed in state court, and the Court has not found authority to that effect. *See, e.g.*, *Atwood v. Cohen & Slamowitz LLP*, 716 F. App'x 50, 52 n.1 (2d Cir. 2017) ("We assume without deciding that communications made within a lawsuit . . . can be the basis for a violation of the FDCPA."); *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 95 (2d Cir. 2012) (noting that "statements made and actions taken in furtherance of a legal action are not, in and of themselves, exempt from liability under the FDCPA"). The Court notes that a misrepresentation of the "legal status" of the debt is actionable under § 1692e(2)(A), and that the Complaint alleges Defendants filed an action to collect on a debt not owed. Further, because § 1692e(2)(A) imposes strict liability, a plaintiff need not allege that the debt collector knew that the debt was not owed.[4] *See Stewart v. Allied Interstate, Inc.*, No. 10-cv-2141, 2011 WL 2199716, at *1 n.1, 2011 U.S. Dist. LEXIS 60239, at *2 n.1 (E.D.N.Y. June 6, 2011) (noting that the plaintiff need not allege the defendant's "knowledge to state a claim" under the FDCPA).

The Amended Complaint states that "the debt alleged in the City Court verified Complaint was baseless," (Dkt. No. 16, ¶ 14), that Plaintiff "was not indebted" to Samaritan Hospital, (*id.* ¶ 41), that none of the Defendants notified Plaintiff of "any alleged indebtedness" prior to filing the state court action, (*id.* ¶ 13), and that Defendants sought "to obtain payment of a non-existent debt," (*id.* ¶ 47). At this stage of the proceedings, the Court must accept as true the allegation that Plaintiff did not owe the debt that Defendants sought to collect. The Amended Complaint also asserts that ORDD and O'Brien are debt collectors for Samaritan Hospital, and

---

[4] However, the debt collector may assert the affirmative defense that the violation was the result of a mistake. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33–34 (2d Cir. 1996) (explaining that, although "a consumer need not show intentional conduct by the debt collector to be entitled to damages," "a debt collector may escape liability if it can demonstrate by a preponderance of the evidence that its 'violation [of the Act] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error'" (alteration in original) (quoting 15 U.S.C. § 1692k(c))).

6

that they filed an action in state court against Plaintiff seeking to collect on the aforementioned "non-existent" debt. (*Id.* ¶¶ 12, 17, 19, 31, 32, 36). Taken together, these allegations suffice to state a claim under § 1692e(2)(A).

### ii. § 1692e(8)

Section 1692e(8) prohibits "communicat[ions] or threat[s] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." The provision "does not create an affirmative duty to communicate," but "it does mandate that, if a debt collector *elects* to communicate credit information about a consumer, it must not omit a piece of information that is always material." *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 490 (S.D.N.Y. 2014) (internal quotation marks omitted).

Defendants argue that the Amended Complaint contains only conclusory allegations that ORDD and O'Brien knew or should have known that Plaintiff did not owe the debt they reported to credit agencies. (Dkt. No. 19-3, at 4–6). Defendants contend that Plaintiff "is completely ignorant as to the operation of the billing department of Samaritan Hospital" and thus does not have any basis for alleging the existence of "deficiencies in the review and assessment of accounts receivable" by Samaritan Hospital. (*Id.* at 5). Likewise, Defendants maintain, the allegation that O'Brien was "aware of the great number of mistakes regarding patients' indebtedness made by Samaritan Hospital in the recent past" is "specious" and "completely unfounded." (*Id.* at 4). As for the allegation that ORDD and O'Brien "failed to perform 'any sort' of due diligence prior to commencing the action in Troy City Court," Defendants deem it to be "another conclusory statement by plaintiff, unsupported by any facts at all," (*id.* at 6), and note that Plaintiff is "ignorant of the interactions between ORDD and its clients on individual files, and between attorneys at ORDD concerning those files," (*id.* at 5). Lastly, Defendants

7

argue that Plaintiff "fails to make any non-conclusory statements or factual allegations . . . that [ORDD and O'Brien's] report of the underlying debt to the credit reporting agencies was done in bad faith, or was false or misleading." (*Id.* at 5).

The Court agrees that Plaintiff's allegations are conclusory. First, the Amended Complaint does not state the basis for Plaintiff's allegations that Samaritan Hospital "failed to review and assess its files and accounts receivable to ascertain what bills for professional hospital services exist," what bills "have been paid," and what bills "have been mistakenly applied to a patient incorrectly." (Dkt. No. 16, ¶ 15). Second, and more to the point, the Amended Complaint does not allege nonconclusory facts from which the Court could infer that ORDD and O'Brien were "aware of the great number of mistakes regarding patients' indebtedness made by Samaritan Hospital" or that ORDD and O'Brien failed to "perform[] any or sufficient due diligence" before reporting the debt to credit reporting agencies. (*Id.* ¶¶ 16–17, 26). Neither can the Court impute to ORDD or O'Brien actual or constructive knowledge of falsity based on Plaintiff's allegation that he did not owe the debt. Indeed, the Amended Complaint provides no facts concerning the underlying events—for example, whether he received services from Samaritan Hospital and whether he or his insurer paid for such services—from which the Court could draw a reasonable inference that ORDD and O'Brien knew or should have known that Plaintiff did not owe the debt.[5] *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) (explaining that, although knowledge and other conditions of a person's mind may be alleged generally, Rule 9 "does not give [a party] license to evade the less rigid-though still operative-strictures of Rule 8"); *Meijer, Inc. v. Rochester Drug Co-Operative, Inc.* (*In re*

---

[5] As for the allegation made upon information and belief that Defendants "continued and continue to report negatively to the credit reporting agencies regarding [Plaintiff] after tendering the . . . Stipulation of Discontinuance with prejudice" in the state collection case, (*id.* ¶ 26), the Complaint does not indicate the basis for that belief. Further, there is no allegation that Defendants failed to communicate the debt as disputed.

8

*DDAVP Direct Purchaser Antitrust Litig.*), 585 F.3d 677, 695 (2d Cir. 2009) ("Although Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge." (quoting *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987))). Given these deficiencies, Plaintiff has failed to state a claim under § 1692e(8).

### b. Violation of § 1692d

Section 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* § 1692d. This provision lists as examples of harassment the "use or threat of use of violence," "the use of obscene or profane language," the "publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency," the "advertisement for sale of any debt to coerce payment of the debt," and making repeated phone calls. *Id.* The mere filing of a debt collection action, however, does not constitute the type of harassment prohibited by § 1692d. *See Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) (rejecting claim that filing debt collection action in state court violated § 1692d); *see also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330–31 (6th Cir. 2006) ("*Any* attempt to collect a defaulted debt will be unwanted by a debtor, but [filing a debt collection action against a debtor] cannot be said to be an abusive tactic under the FDCPA."). Further, Plaintiff does not cite any authority for the proposition that reporting a debt (even one which is allegedly not due) to a credit agency rises to the level of harassment actionable under § 1692d. Indeed, by excluding reporting to "consumer reporting agenc[ies]" from its coverage, the text of that provision suggests that such credit reporting "is routine and expressly permitted under § 1692d(3), and is among the options a debt collector may choose to encourage repayment of a debt." *Fashakin v. Nextel Commc'ns*, No. 05-cv-3080, 2009 WL 790350, at *9, 2009 U.S. Dist. LEXIS 25140, at *32 (E.D.N.Y. Mar. 25, 2009); *cf. also Poulin v. Thomas Agency*, 760 F. Supp. 2d 151, 159 (D.

9

Me. 2011) (on summary judgment, rejecting a claim that a debt collector violated § 1692d and other provisions of the FDCPA by reporting disputed debt to credit agencies, despite the fact that the consumer challenged the validity of the debt). Consequently, the Court finds that Plaintiff has failed to state a § 1692d claim.

### c. Violation of § 1692f

Section 1692f prohibits unfair debt collection practices. It also provides a nonexclusive list of practices deemed "unfair or unconscionable," including, inter alia, debt collectors collecting any amount not "expressly authorized by the agreement creating the debt or permitted by law," depositing a postdated check prior to the date inscribed on such check, and communicating with a consumer regarding a debt by postcard. 15 U.S.C. § 1692f. That section, however, was "enacted specifically 'to catch conduct not otherwise covered by the FDCPA,' because Congress was '[c]ognizant that it could not anticipate every improper practice used by debt collectors.'" *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013) (alteration in original) (quoting *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 781–82 (E.D.N.C. 2011)).

Plaintiff does not specify which alleged misconduct violates § 1692f. If his claim is that the filing of an action in state court seeking to collect a nonexistent debt was an unfair debt collection practice, that conduct is already covered by § 1692e(2)(A). *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (dismissing § 1692f claim where complaint failed to "identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA"). If his claim is that the reporting of a nonexistent debt to credit agencies was the § 1692f violation, that conduct is also covered by under § 1692e(8); as discussed above, however, his allegations are insufficient to state a claim under that provision. Accordingly, the § 1692f claim must be dismissed. *See Lautman v. 2800 Coyle St. Owners Corp.*, No. 14-cv-1868,

2014 WL 4843947, at *12, 2014 U.S. Dist. LEXIS 137454, at *38 (E.D.N.Y. Sept. 26, 2014) ("To the extent that plaintiff's claims under § 1692f rely on the same alleged litigation misconduct raised under § 1692e, those claims must be dismissed for the reasons stated above.").

B. **New York General Business Law § 349 Claim**

Defendants seek dismissal of Plaintiff's claim under section 349 of the New York General Business Law ("GBL"), which prohibits "deceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). A claim under GBL § 349 has three elements: (1) the defendant engaged in "consumer-oriented conduct"; (2) the conduct is "materially misleading"; and (3) the plaintiff "suffered injury as a result of the allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (quoting *City of New York v. Smokes-Spirits.com, Inc.*, 12 N.Y.3d 616, 621 (2009)). A "plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000).

Defendants seek dismissal of the GBL § 349 claim because it relies on conclusory allegations. (Dkt. No. 19-3, at 6–7). Neither party, however, has briefed whether the conduct alleged in the Amended Complaint—the filing and prosecution of the debt collection action in state court, as well as the reporting of the debt to credit agencies—is consumer-oriented, is materially misleading, or has caused Plaintiff to suffer "actual injury." Accordingly, the Court declines at this time to consider dismissal of Plaintiff's GBL § 349 claim.

C. **Abuse of Process Claim**

Lastly, Defendants move to dismiss Plaintiff's abuse-of-process claim. Under New York law, abuse of process is "the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process." *Bd. of Educ. v. Farmingdale Classroom Teachers*

*Ass'n, Inc.*, 38 N.Y.2d 397, 400 (1975). "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective." *Ettienne v. Hochman*, 83 A.D.3d 888, 888 (2d Dep't 2011) (quoting *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984)).

Defendants argue that the allegation that they filed the debt collection action in state court with the intent to harm Plaintiff by using process to obtain payment of a nonexistent debt is "untrue." (Dkt. No. 19-3, at 7). They note that Plaintiff answered the debt collection complaint, that "a decision was made to withdraw the action," and that Plaintiff obtained "the relief sought, . . . dismissal of the complaint." (*Id.*). In light of these developments, Defendants contend that there was no "perversion of the process." (*Id.*). While paying no consideration to those factual assertions made by Defendants that are outside the pleadings, the Court agrees that Plaintiff has failed to a state a claim for abuse of process under New York law. The Amended Complaint is devoid of any allegations from which the Court could infer that the state-court debt collection action lacked an "economic or social justification" or that Defendants were "seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process." *Farmingdale*, 38 N.Y.2d at 403. As alleged in the Amended Complaint, Defendants ostensibly brought the state-court action to collect on a debt. (*See* Dkt. No. 16, ¶¶ 12, 23). Even if the debt was nonexistent, the purpose of the action was to collect on the purported debt; there is no allegation that it was to achieve a collateral objective. "[W]here, as here, the process . . . was used for the purpose for which it was intended . . . an action for abuse of process does not lie." *Klass v. Frazer*, 290 F. Supp. 2d 425, 427 (S.D.N.Y. 2003). Accordingly, Plaintiff's claim for abuse of process must be dismissed.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss the Amended Complaint for failure to state a claim (Dkt. No. 19) is **DENIED in part** to the extent that Plaintiff's FDCPA claim (first cause of action) for alleged violations of 15 U.S.C. §§ 1692e(2)(A) and Plaintiff's GBL § 349 claim (second cause of action) may proceed; and it is further

**ORDERED** that Defendants' motion to dismiss the Amended Complaint for failure to state a claim (Dkt. No. 19) is **GRANTED in part** to the extent that Plaintiff's FDCPA claim (first cause of action) for alleged violations of 15 U.S.C. §§ 1692d, 1692e(8), and 1692f, as well as Plaintiff's claim for abuse of process under New York law (third cause of action), are **DISMISSED with prejudice**;[6] and it is further

**ORDERED** that Defendants' motion to dismiss the Amended Complaint for failure to state an FDCPA claim (Dkt. No. 19) as to Defendant Samaritan Hospital is **GRANTED**, and that any FDCPA claim against Defendant Samaritan Hospital is **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendants' motion to dismiss the Amended Complaint for failure to state a claim (Dkt. No. 19) is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: August 14, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[6] Plaintiff has not requested leave to amend his pleading. Moreover, the Court has already afforded Plaintiff an opportunity to amend. In these circumstances, the Court finds that justice does not require permitting Plaintiff to amend again. *See* Fed. R. Civ. P. 15(a)(2). For these reasons, the Court dismisses the specified claims with prejudice.